IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARDIODYNAMICS INTERNATIONAL CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No.  05-3052 |
| HEARTWISE PLATFORMS, INC. and MARK E. MULLENDORE, | ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Cardiodynamics International Corp.'s Motion for Separate Trials and To Stay Proceedings on Separate Claims (d/e 29). Defendants Heartwise Platforms, Inc., and Mark E. Mullendore filed a Response to the Plaintiff's Motion for Separate Trials and Stay Proceedings on Separate Claims (d/e 31), and Cardiodynamics filed a Reply to Defendants' Opposition to Separate Trials and to Stay of Proceedings (d/e 32). For the reasons set forth below, Cardiodynamics' Motion is allowed.

1

## BACKGROUND

On March 8, 2005, Plaintiff filed this action against Defendants alleging patent infringement. In response, Defendants filed their First Amended Counterclaim on August 9, 2005, alleging claims for: (1) declaratory judgment (Count I), (2) tortious interference with business relationships (Count II), and (3) unlawful tying in violation of Section 2 of the Sherman Act (Count III). Cardiodynamics asks the Court to separate Defendants' antitrust and tort counterclaims and stay proceedings on separate claims.

## ANALYSIS

Cardiodynamics argues that, under Rule 42(b) of the Federal Rules of Civil Procedure, district courts have discretion to order a separate trial and stay proceedings on counterclaims if it furthers convenience, avoids prejudice, and expedites the trial process. Cardiodynamics supports its contention by citing Baxter Intern., Inc. v. Cobe Lab, Inc., in which the court reasoned that:

> [v]arious federal district courts throughout the country have almost consistently found it to be in the best interest of the economy and convenience of the court and as well as of the parties to sever antitrust issues and similar issues from the issues of patent validity and infringement, and to stay discovery and

trial of antitrust issues until the patent issues have been determined by trial.

Baxter, 1992 WL 77665, 1 (N.D. Ill. 1992).

As noted by the Plaintiff, however, the decision to bifurcate is within the discretion of the district court, and "the criterion for decision is the speedy and efficient accomplishment of justice."  General Telephone & Electronics Laboratories Inc., v. National Video Corp., 297 F.Supp. 981, 982 (N.D. Ill. 1968).  Each side claims that its position on bifurcation conforms with the standard practice of severing (or not severing) the antitrust claims from the patent claim for trial.  Defendants' authorities, however, relate to cases where the issue was whether to bifurcate a patent case into a liability trial and a separate damages trial, or a liability trial and a separate trial on wilfulness.  Here the issue is whether to separate the tort and antitrust claims from the patent claim.  Plaintiff's authorities are more on point.  In In re Innotron Diagnostics, the Court found that separating the claims resulted in economy because the jury's determination of the patent issues would become the law of the case. Innotron Diagnostics, 800 F.2d 1077, 1085 (Fed. Cir. 1986).  The Court further noted that convenience is served in trying the less complex patent issues first.  Id. at

1085. The Court also noted that the need to avoid prejudice and confusion is served in trying the patent issues first, since the issues raised in the counterclaims involve different proof and different witnesses. Id.

The same can be said in this case. The tortious interference claim and the antitrust claim will involve more and different types of proof than will be necessary for the patent claim. Trying all of the claims together will add to likely confusion of the jury.

THEREFORE, the Court ALLOWS Cardiodynamics' motion to separate Counts II and III of the First Amended Counterclaims (d/e 29) from the trial of the other claims. The patent claims will proceed first; the Court stays proceedings on Counts II and III of the amended counterclaims until the patent claims are resolved.

IT IS THEREFORE SO ORDERED.

ENTER: September 23, 2005.

FOR THE COURT:

                                                 s/ Jeanne E. Scott
                                                 JEANNE E. SCOTT
                                            UNITED STATES DISTRICT JUDGE